# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| | : | |
| v. | : | CRIMINAL ACTION NO. |
| | : | 1:10-CR-00086-02-RWS |
| ERNESTO ESCOBAR, | : | |
| | : | |
| Defendant. | : | |

## ORDER

This case is before the Court for consideration of the Report and Recommendation [566] of Magistrate Judge E. Clayton Scofield, III. After reviewing the Report and Recommendation and Defendant's Objections thereto [574], the Court enters the following Order.

Defendant filed a Motion to Suppress Statements [358] and a Motion to Suppress Evidence [359] which are the subject of the Report and Recommendation. In his Brief in Support of Motion to Suppress Statements [527], Defendant abandoned the Motion to Suppress Statements [358]. Accordingly, that Motion is hereby **DENIED**, **AS ABANDONED**.

As for the Motion to Suppress Evidence, the Report and Recommendation found that the stop of the vehicle in which Defendant was a passenger "was based on Detective Lyda's probable cause to believe that Defendant was a passenger in the vehicle and that Defendant had committed an arrestable offense, namely, the charge set forth in the outstanding warrant." R&R at 8. However, the stop of the vehicle could only be justified if the arresting officer was not required to have the warrant actually in hand at the time of the stop. The Report and Recommendation concludes, for purposes of the Fourth Amendment, an officer is not required to have a warrant actually in hand in order to effectuate a valid arrest. In his Objections, Defendant challenges this conclusion relying on the Fifth Circuit's decision in U.S. v. Robinson, 650 F.2d 537 (5th Cir. 1981). Defendant challenges the reliance in the Report and Recommendation on the Eleventh Circuit's unpublished opinion in U.S. v. Bembry, 321 Fed. App. 892 (11th Cir. 2009) which held that "the admissibility in federal court of the products of state searches and seizures is controlled by federal law." Id. at 894. The Court went on to hold that "[t]here is no federal requirement that an officer have a warrant in hand or near by when

2

he is arresting a suspect." Id. While the Court recognizes that this unpublished opinion is not binding authority, it is persuasive authority. 11th Cir. R. 36-2.

Based upon this persuasive authority, the Court agrees with the conclusion reached in the Report and Recommendation. Thus, the Court concludes that Defendant's Motion to Suppress Evidence [359] is due to be denied. Based on the foregoing, Defendant's Motion to Suppress Statements [358] is **DENIED**, **AS ABANDONED**, and Defendant's Motion to Suppress Evidence [359] is **DENIED**.

**SO ORDERED** this  29th  day of June, 2012.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)